INTERNATIONAL EQUITY INVESTMENTS, INC., Citigroup Venture Capital International Brazil, LLC, on behalf of itself and Citigroup Venture Capital International Brazil, L.P., formerly known as CVC/Opportunity Equity Partners, L.P., Citigroup Venture Capital International Brazil, L.P., Plaintiffs–Counter–Defendants–Appellees,

v.

OPPORTUNITY EQUITY PARTNERS LTD., formerly known as CVC/Opportunity Equity Partners Ltd., Defendant–Counter–Claimant–Appellee,

**Daniel Valente Dantas, Banco Opportunity S.A., Dorio Ferman, Arthur Joaquim De Carvalho, Opportunity Fund, Opportunity Prime Investment Services, Ltd., Citibank N.A., Citigroup, Inc., Defendants–Appellees,**

v.

**Luis Roberto Demarco Almeida, Intervenor–Appellant.**

No. 10–1922–cv.

United States Court of Appeals, Second Circuit.

March 17, 2011.

Andrea Bierstein, Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP, New York, New York, for appellant.

Carmine D. Boccuzzi (David Y. Livshiz, on the brief), Cleary Gottlieb Steen & Hamilton LLP, New York, New York, for appellee International Equity Investments, et al.

Matthew A. Katz (Lisa C. Cohen, on the brief), Schindler Cohen & Hochman LLP, New York, New York, for appellee Opportunity Equity Partners, et al.

PRESENT: DENNIS JACOBS, Chief Judge, PIERRE N. LEVAL, REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Luis Roberto Demarco Almeida ("Demarco") appeals from the denial of his motion to unseal certain documents filed in connection with an unrelated, now-settled, litigation proceeding between International Equity Investments, Inc., et al. and Opportunity Equity Partners Ltd., et al. (collectively the "appellees"). The documents at issue were protected by a confidentiality order entered upon stipulation of the appellees when they were adversary parties. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review for abuse of discretion the district court's decision not to vacate or modify the order designating the documents at issue as confidential. *Gambale v. Deutsche Bank AG,* 377 F.3d 133, 139 (2d Cir.2004). In general—when parties have reasonably relied on a protective order—our Court recognizes a presumption against access to those documents. *See Secs. & Exch. Comm'n v. TheStreet.com,* 273 F.3d 222, 229 (2d Cir.2001). However, a "subspecies of sealed documents in civil cases—so-called 'judicial documents'" are afforded a presumption *"in favor of access." Id.* at 231 (emphasis in original).

The magistrate judge concluded that the documents at issue are non-judicial, and the district judge adopted the magistrate judge's opinion and order. Demarco argues on appeal that the documents to which he seeks access are judicial in nature. Although Demarco objected on numerous grounds to the magistrate judge's opinion, his objections did not include a contention that the magistrate judge erred in categorizing the documents as non-judicial. Accordingly, we deem this argument forfeited. *See Local 377 v. 1864 Tenants Ass'n,* 533 F.3d 98, 99 (2d Cir.2008) (per curiam).

We find no abuse of discretion in the district court's determination that the appellees reasonably relied on the stipulated protective order, and that Demarco was not entitled to modification of the order.

Having reviewed all of the arguments properly presented to this Court, we hereby **AFFIRM** the judgment of the district court.